## Commonwealth v. Karpovich

*Leonard Simpson, District Attorney*, for Commonwealth.
*David P. Posatko*, for defendant.

GARDNER, *P.J.*, November 1, 1978—In the above-captioned matter defendant was convicted

before a district justice, inter alia, with the crime of disorderly conduct under the provisions of the Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5503(a)(2), which provides, in relevant part, as follows:

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . (2) makes unreasonable noise . . . "

Defendant appealed his conviction and at the conclusion of a hearing de novo, we invited counsel's attention to the question of whether the statutory element "unreasonable noise" was sufficiently definite so as not to offend due process.

The district attorney has cited Com. v. Weiner, 230 Pa. Superior Ct. 245, 326 A. 2d 896 (1974), which found the words "unseemly noise," used in the disorderly conduct definition in the former Penal Code, to be definable.

Although Weiner does not control this matter, we find it supportive by analogy. In our judgment, the Crimes Code provision here involved is not violative of due process.

### ORDER

And now, November 1, 1978, the verdict in the above-captioned case, on the charge of disorderly conduct, is guilty.

Under the authority of section 1323 of the Sentencing Code, Crimes Code, supra, added December 30, 1974, P.L. 1052, sec. 1323, 18 C.P.S.A. §1323, no further penalty is imposed upon defendant.